# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, A.Y. MARKS**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**ALLYSSA K. SIMMERMACHER**
**HOSPITAL CORPSMAN THIRD CLASS (E-4), U.S. NAVY**

**NMCCA 201300129**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 4 October 2012.
**Military Judge:** LtCol Charles Hale, USMC.
**Convening Authority:** Commander, Walter Reed National Military Medical Center, Bethesda, MD.
**Staff Judge Advocate's Recommendation:** LCDR K.J. Ian, JAGC, USN.
**For Appellant:** LT Ryan W. Aikin, JAGC, USN.
**For Appellee:** LT Jetti L. Gibson, JAGC, USN; Capt Cory Carver, USMC.

**15 October 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A panel of members with enlisted representation sitting as a general court-martial convicted the appellant, contrary to her pleas, of making a false official statement and wrongful use of cocaine in violation of Articles 107 and 112a, Uniform Code of Military Justice, 10 U.S.C. § 907 and 912a. The panel sentenced the appellant to reduction to pay grade E-3 and a bad-conduct

discharge.  The convening authority approved the sentence as adjudged.

This is our second review of this case.  During our first review, a panel of this court affirmed the findings and the sentence.  *United States v. Simmermacher*, 2014 CCA LEXIS 334, unpublished op. (N.M.Ct.Crim.App. 29 May 2014).  After granting a petition for review, the Court of Appeals for the Armed Forces (CAAF) affirmed the false official statement conviction, but, reversing our decision, dismissed the charge of cocaine use.  It then remanded the case to this Court for us either to reassess the sentence or to set aside the sentence and order a rehearing.  *United States v. Simmermacher*, 74 M.J. 196, 202-203 (C.A.A.F. 2015).

Under the right circumstances, Courts of Criminal Appeals (CCAs) can "modify sentences 'more expeditiously, more intelligently, and more fairly' than a new court-martial[.]" *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (quoting *Jackson v. Taylor*, 353 U.S. 569, 580 (1957)).  This recognizes the "difficulties inherent in sentence rehearings" and that ordering a rehearing—as opposed to the CCA reassessing the sentence itself—"merely substitutes one group of nonparticipants in the original trial for another." *Id.* (citation and internal quotation marks omitted).  CCAs thus "act with broad discretion when reassessing sentences" and the CAAF "will only disturb the [lower court's] reassessment in order to prevent obvious miscarriages of justice or abuses of discretion." *Id.* (internal citations and quotation marks omitted).

Reassessing a sentence is only appropriate if we are able to reliably determine—"with confidence," *United States v. Buber*, 62 M.J. 476, 479 (C.A.A.F. 2006)—that, absent the error, the sentence would have been at least of a certain magnitude. *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000).  If we cannot do this, we must order a rehearing. *Id.*  A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

We base these determinations on the totality of the circumstances of each case, guided by the following "illustrative, but not dispositive, points of analysis":

(1) Whether there has been a dramatic change in the penalty landscape or exposure.

2

(2) Whether sentencing was by members or a military judge alone.  We are more likely to be certain of what sentence a military judge would have imposed as opposed to members.

(3) Whether the nature of the remaining offenses capture the gravamen of criminal conduct included within the original offenses and, similarly, whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.

(4) Whether the remaining offenses are of the type with which appellate judges should have the experience and familiarity to reliably determine what sentence would have been imposed at trial.

*Winckelmann*, 73 M.J. at 15-16.

In this case, the totality of the circumstances leads us to conclude that we can reassess the sentence to affirm only so much as provides for reduction to pay grade E-3.  The cocaine charge having been dismissed, the appellant now stands convicted of a single false official statement in March 2011 to the Naval Criminal Investigative Service.  In the course of being interrogated about her urinalysis testing positive for cocaine, she provided a written statement that "I have never willingly or unwillingly done any illegal substance, including cocaine, ever."[1]  Two witnesses at trial contradicted this, testifying that they observed her snorting "Adderall pills and codeine pills"[2] and "Percocet."[3]

During presentencing, the Government presented no evidence.  The defense, on the other hand, presented a string of senior witnesses——a lieutenant commander, an Army master sergeant, and a chief petty officer——all attesting to the appellant's outstanding work performance and good military character.  The defense concluded with compelling testimony from family members of the appellant.

---

[1] Appellate Exhibit XXI at 11.

[2] Record at 847.

[3] *Id*. at 855.

3

Under all the circumstances presented, we find that we can reassess the sentence and that it is appropriate for us to do so.  First, we can confidently and reliably determine that, absent the error, the members would have sentenced the appellant to at least reduction to pay grade E-3.  Second, a sentencing rehearing for a false official statement made over four years ago is, in this case, impractical and unnecessary.  Third, we have sufficient experience and familiarity with suspects who falsely deny wrongdoing to law enforcement——an all too common phenomenon we have observed——to reliably determine what sentence would have been imposed.  Finally, we conclude that a sentence of reduction in rank is an appropriate punishment for this offense and this offender while a bad-conduct discharge is not—— thus satisfying the *Sales* requirement that the reassessed sentence not only be purged of error, but appropriate.  *Sales*, 22 M.J. at 308.

Accordingly, we affirm only so much of the sentence as provides for reduction to pay grade E-3.

For the Court


R.H. TROIDL
Clerk of Court

4